United States Court of Appeals
Fifth Circuit

**F I L E D**

April 11, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41040
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ANTONIO ANDRADE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-56-ALL
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Jose Antonio Andrade was convicted of being unlawfully present in the United States following a prior deportation. He was sentenced to 63 months of imprisonment and a three-year term of supervised release. The Government seeks enforcement of the waiver provisions in Andrade's plea agreement. We need not decide the applicability of the waiver provisions in this case because the issue that Andrade raises is foreclosed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In his sole issue on appeal, Andrade renews his argument that 8 U.S.C. § 1326 is facially unconstitutional because it treats prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

Andrade's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Andrade contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Andrade properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.